**F I L E D**
CLERK, U.S. DISTRICT COURT
03/20/2024
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ DVE _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

March 2024 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>STEVEN MICHAEL STREET,<br><br>       Defendant. | Case No. 8:24-cr-00036-DOC<br><br>I N D I C T M E N T<br><br>[18 U.S.C. §§ 2252A(a)(2)(A), (b)(1): Distribution of Child Pornography; 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2): Possession of Child Pornography; 18 U.S.C. § 2253: Criminal Forfeiture] |

The Grand Jury charges:

## COUNT ONE

[18 U.S.C. §§ 2252A(a)(2)(A), (b)(1)]

On or about July 28, 2021, in Orange County, within the Central District of California, defendant STEVEN MICHAEL STREET knowingly distributed a video of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), using a means and facility of interstate and foreign commerce, namely, by using the internet-based BitTorrent peer-to-peer file-sharing network and leaving child pornography in his share folder for others to download, and which video had been shipped and transported in and affecting interstate

and foreign commerce by any means, including by computer, knowing that the video was child pornography.

The child pornography that defendant STREET distributed consisted of a "torrent" file that included, but was not limited to, a digital video file identified as "1st-Studio Siberian Mouse (NM-10)-r.wmv."

## COUNT TWO

[18 U.S.C. §§ 2252A(a)(5)(B), (b)(2)]

On or about September 24, 2021, in Orange County, within the Central District of California, defendant STEVEN MICHAEL STREET knowingly possessed a SimpleTech 500 GB External Hard Drive, serial number 0912570500700365, which contained at least one image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), which involved a prepubescent minor and a minor who had not attained 12 years of age, that had been shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that had been produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, knowing that the images were child pornography.

The child pornography that defendant STREET possessed on the SimpleTech hard-drive included, but was not limited to, the following digital files:

(a) 33mUM.gif;

(b) Pretzel_stick_girl-1.mp4; and

(c) 01_02 055.jpg.

COUNT THREE

[18 U.S.C. §§ 2252A(a)(5)(B), (b)(2)]

On or about September 24, 2021, in Orange County, within the Central District of California, defendant STEVEN MICHAEL STREET knowingly possessed a Hewlett-Packard Pavilion computer tower, model P6110f, serial number MXU93500GV, which contained at least one image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), which involved a prepubescent minor and a minor who had not attained 12 years of age, that had been shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that had been produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, knowing that the images were child pornography.

The child pornography that defendant STREET possessed on the Hewlett-Packard computer included, but was not limited to, the following digital files:

(a)   1st-Studio Siberian Mouse (NM-10)-r.wmv;

(b)   1st-Studio Siberian Mouse HD_132 (SI-001).wmv; and

(c)   23.08.2005 0-41-20_0094.jpg.

COUNT FOUR

[18 U.S.C. §§ 2252A(a)(5)(B), (b)(2)]

On or about September 24, 2021, in Orange County, within the Central District of California, defendant STEVEN MICHAEL STREET knowingly possessed a Buffalo external hard-drive, model HD-LB3.OTU3, serial number 85577234501811, which contained at least one image of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), which involved a prepubescent minor and a minor who had not attained 12 years of age, that had been shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that had been produced using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer, knowing that the images were child pornography.

The child pornography that defendant STREET possessed on the Buffalo hard-drive included, but was not limited to, the following digital files:

(a) [JulyJailbait] - 13-year-old nanny playing with little boy.mp4;

(b) 2514788.mp4; and

(c) Copy of Kingpass - (Pthyc) Nablot Smoljanochki Stk2.avi.

FORFEITURE ALLEGATION

[18 U.S.C. § 2253]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 2253, in the event of the defendant's conviction on any of the offenses charged in this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following property:

(a) All right, title, and interest in any visual depiction involved in such offense, or any book, magazine, periodical, film videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped, or received in connection with such offense;

(b) All right, title, and interest in any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense;

(c) All right, title, and interest in any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property, including but not limited to the following:

    i. SimpleTech 500 GB External Hard Drive, serial number 0912570500700365;

    ii. Hewlett-Packard Pavilion computer tower, model P6110f, serial number MXU93500GV; and

    iii. Buffalo external hard-drive, model HD-LB3.OTU3, serial number 85577234501811.

6

          (d)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

     3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18 Section 2253(b), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                        A TRUE BILL


                                        /s/
                                        Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office

JENNIFER L. WAIER
Assistant United States Attorney
Deputy Chief, Santa Ana Branch Office

ROBERT J. KEENAN
Assistant United States Attorney
Santa Ana Branch Office